ROBERTS, Chief Justice
(dissenting).
I respectfully dissent and would grant the petition for rehearing as to Biscayne Kennel Club, Inc., for the reasons stated in the able dissenting opinion of Mr. Justice Dekle and for the further reason that in my opinion there was an unconstitutional discrimination against Biscayne in that it *862 was denied due process of law as guaranteed in the fourteenth amendment to the Constitution of the United States. The administrative agency, after due hearing, determined:
“Findings of Fact
“1. The dates May 5 thru September 4, the so called summer season, are the most desirable dog racing dates as a minimum of pari-mutuel activity exists during this period; consequently, a track operating in this period would be able to produce a greater pari-mutuel handle with resulting greater revenue to the state.
“The dates September 3 thru January 3, the so called fall season, are the next most desirable dog racing dates as there is more pari-mutuel activity during this period than the summer season but less pari-mutuel activity than the so called winter season, January 4 thru May 4.
“The dates of January 4 thru May 4, the so called winter season, are the least desirable dog racing dates as there is more pari-mutuel activity during this period than at any other period'.
“2. Biscayne and Flagler are comparable tracks in size and capacity, ability to produce pari-mutuel handle and state revenue, ability to attract the public, plant facilities, quality of dogs, management and otherwise. (Emphasis supplied.)
(t * * * »
Thus it can be readily seen that Flagler and Biscayne are equals within a class and that there are three dog race seasons, first choice, second choice, and third choice. The majority opinion gave all of the first choice season to Flagler and awarded the third choice season to Biscayne, although in the order of the agency and the majority opinion the two tracks had been considered to be equals. Biscayne should have had half of the first choice season.
The fourteenth amendment to the Constitution of the United States provides:
“Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. (Em-hasis supplied)
<t * * * if
The majority opinion violates this clear command and I therefore respectfully dissent.
DEKLE, J., concurs.